| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLINTON MITCHELL III | ) | |

This matter is before the court on defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range." U.S.S.G. § 1B1.10(a)(2)(B).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of a crack cocaine offense, that is conspiracy to possess with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841 and 846. At defendant's sentencing in October 1997, his base offense level was determined by reference to U.S.S.G. § 2D1.1. At that time, the maximum base offense level (in cases not involving death or serious bodily injury) was 38 based on a quantity of 1.5 kilograms or more of crack. See U.S.S.G. § 2D1.1(a),(c)(1) (1996). Defendant was held accountable for

an amount exceeding 1.5 kilograms, resulting in a base offense level of 38. With an adjustment

for acceptance of responsibility, the court determined defendant's total offense level was 35.

With a criminal history category of IV, the resulting guideline range was 235 to 293 months.

The court sentenced defendant to 264 months imprisonment.

After the filing of the instant motion, and in accordance with this district's practice, the

Probation Office issued a report regarding its evaluation of the motion. Probation recommends

that the motion be denied because the amount of crack involved is 4.5 kilograms or greater.

Defendant subsequently submitted a response to that recommendation. Defendant responds that

the court failed to make a specific determination of drug weight and he is therefore eligible for a

sentence reduction, presumably because now, by virtue of Amendment 706, the base offense

level is 36 where the amount of crack is at least 1.5 kilograms but less than 4.5 kilograms,

U.S.S.G. § 2D1.1(a)(3), (c) (2007).

In fact, the court did make a determination as to a specific quantity of crack. Defendant's

sole objection to the presentence report was related to the downward adjustment for acceptance

of responsibility, with the court sustaining the objection and thus allowing the adjustment.

Defendant did not object to the drug quantity recommended in the presentence report, 8.2

kilograms of crack. Other than the acceptance of responsibility adjustment, the court adopted the

factual findings and guidelines application in the presentence report as its own. A factual finding

in the presentence report was defendant's accountability for 8.2 kilograms of crack. (PSR ¶¶ 22,

57.)

As another district court recently recognized,

> [t]here is ample case law to support the premise that if the
> court previously made a finding of more than 4.5 kilograms of

crack, or the court adopted findings of the PSR which included that
fact, or the defendant admitted this fact in a change of plea
hearing, the court in the section 3582(c) proceeding may rely on
the higher quantity and reaffirm the application of offense level 38.
      Courts also agree that, as in this case, where application of
the amendment in question does not result in a different sentencing
range, the sentence may not be reduced. . . .

United States v. Best, No. 2:00-CR-171, 2008 WL 4551229, \*2-3 (N.D. Ind. Oct. 8, 2008)

(collecting cases) (footnote omitted); see also United States v. Wanton, 525 F.3d 621, 622 (8th

Cir. 2008) (per curiam) ("[T]he new amendment does not apply where more than 4.5 kilograms

of crack is involved." (citing U.S.S.G. § 2D1.1, n.10(D)(ii)).

With a quantity of 8.2 kilograms of crack, even with the amendment, defendant's base

offense level remains 38. See U.S.S.G. § 2D1.1(a)(3), (c)(1) (2008). Accordingly, the

amendment does not have the effect of lowering defendant's guideline range. Under such

circumstances, the court does not have the authority to reduce defendant's sentence.

The motion for a sentence reduction is DENIED.

This 14 October 2009.

                              W. Earl Britt
                              Senior U.S. District Judge